## In re HERCULES GASOLINE CO.

## FOLLET et al. v. STATE OF CALIFORNIA.

### No. 8477.

Circuit Court of Appeals, Ninth Circuit.

July 19, 1937.

Rehearing Denied Aug. 30, 1937.

Samuel A. Rosenthal and Charles Murstein, both of Los Angeles, Cal., for appellants.

U. S. Webb, Atty. Gen., and John O. Palstine, Deputy Atty. Gen., for the State of California, appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court confirming an order of the referee in bankruptcy fixing priority of claims against the bankrupt Hercules Gasoline Company.

The sole question presented by the record is whether the claim of the State of California for gasoline taxes is superior to judgment liens against the bankrupt filed by the appellants. The referee adjudged the secured claim of the State was entitled to priority.

The facts are not in dispute. By virtue of the Motor Vehicle Fuel Tax Act (Cal.Stats.1923, c. 267, p. 571, as amended), the bankrupt became indebted to the State in 1930 and the first quarter of 1931 in an amount slightly over $200,000. By virtue of the same statute, this obligation became a lien upon all property of the bankrupt, attaching as of the date of delivery or distribution of the taxed fuel.

The appellants hold liens against the bankrupt's real property by virtue of judgments obtained in personal injury actions, which judgments were filed in the counties where bankrupt's property is situated. These liens attached subsequent to the lien of the State.

On May 19, 1932, the State filed a claim to which the trustee objected on the ground that it was not entitled to priority because it was not a tax; that the act imposing the tax was in conflict with federal law, and because it was excessive. The court confirmed the order of the referee allowing the claim as a tax. On former appeal to this court the order was affirmed. Laugharn v. State of California, 77 F.(2d) 1005.

The question in the present case is whether this claim of the State is a lien prior to the liens of the appellants. Appellants admit that it has such priority unless the State has waived its lien by the form in which its claim is cast.

The pertinent portions of the claim are its title, "Proof of Preferred Claim," a statement of the amount of the claim followed by a description of its lien character, as follows: " * * * said tax constitutes a lien upon all the property of said company, which lien attached as of the date of the delivery or distribution of said Motor Vehicle Fuel, and said tax has the effect of an execution duly levied against all property of said company and remains until the tax is paid or the property of said company is sold for the payment thereof," and the prayer for allowance of the claim

so described as a lien, as follows: "That *said* claim herein set forth, being a claim for taxes due and unpaid to the State of California, constitutes a prior claim against said Hercules Gasoline Company, Ltd., and complainant herein prays that the *same* be allowed as such prior claim." (Emphasis supplied.)

Although the claim for which the allowance is prayed described it as a lien or secured claim, and it is *"said* claim" for which the preference is prayed, appellants assert that because the title of the claim says "Proof of Preferred Claim" and not "proof of preferred *secured* claim," it is not one seeking recognition as a secured claim.

██ Since it is elementary that it is not the title but the allegations and moving portion of an instrument which determine its purport and effect, we see nothing worthy of consideration in appellants' contention. This claim is obviously one secured by the lien of the statute, described in it as creating a security for its payment, and the District Court committed no error in confirming the referee's order so determining it.

Affirmed.